PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN MALDONADO ET AL., Defendants and Appellants.

No. 4049.   Argued February 18, 1930.—Decided May 23, 1930.

*R. Rivera Zayas* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Juan Maldonado and José Maldonado appeal from a judgment of conviction as second offenders for selling adulterated milk.  Juan Maldonado has not filed any supporting

brief nor did he appear at the hearing of the appeal, either personally or by counsel.

José Maldonado urges as the only ground of reversal that the court erred in convicting him without sufficient evidence, either as to the adulteration of the milk or as to his participation in the sale.

Both defendants admitted at the trial that the milk was adulterated with water; but as a witness stated on examination that the percentage of water was 6, the appellant argues that as the standard of water allowed is 88 per cent the admission by the defendants that the milk in the present case contained 6 per cent of water was no admission of guilt, because milk containing 6 per cent of water is not adulterated milk. As milk with 88 per cent water is considered pure, the admission that the milk had been adulterated with 6 per cent of water means that it contained that much in excess of the maximum amount of water which milk may lawfully contain to be considered as pure. Therefore, there was sufficient evidence to prove that the milk was adulterated.

Let us consider now, the other point regarding the insufficiency of the evidence as to the guilt of Juan Maldonado.

Two Health Inspectors testified that when taking a sample of the adulterated milk from Juan Maldonado, the latter told them that the milk that he was delivering to customers belonged to José Maldonado, and the appellant contends that he can not be convicted on that statement, made by Juan Maldonado out of the presence of the appellant, and he cites the case of People v. Turull, 27 P.R.R. 571, where we reversed the judgment and discharged the accused because it had been shown that the adulterated milk belonged to another person, who sold the same for his account after buying it from the defendant Turull.

If the only evidence against José Maldonado were the statement made out of his presence by Juan Maldonado to the said inspectors, he should be discharged; but there is in the present case, besides that statement, the admission

made by the appellant in his testimony at the trial that he used to deliver daily a certain amount of milk from his milkstand to Juan Maldonado, to be sold by the latter at a profit of two cents per liter, and that the bottle from which was taken the sample of the milk which turned out to be adulterated had the name of José Maldonado stamped on its cap. We, therefore, are of opinion that the evidence was sufficient to sustain a conviction.

The judgment appealed from must be affirmed as to José Maldonado, and as to Juan Maldonado his appeal must be dismissed.